IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EMILY FULLER, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 0:17-cv-62243-BB |
| STERLING JEWELERS INC., | ) Hon. Judge Beth Bloom |
|         Defendant. | ) |

## STERLING JEWELERS INC.'S OPPOSITION TO PLAINTIFF'S NOTICE OF COMPLIANCE AND REQUEST FOR EXTENSION TO FILE DEFENDANT'S INSPECTION REPORT

Courtney C. Booth, Esq. (*pro hac vice* to be sought)
cbooth@beneschlaw.com
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
333 West Wacker Drive, Suite 1900
Chicago, Illinois 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192

Mark D. Schellhase, Esq. (Florida Bar No. 57103)
mark.schellhas@gray-robinson.com
**GRAY ROBINSON, P.A.**
Mizner Park Office Tower
225 N.E. Mizner Blvd., Suite 500
Boca Raton, Florida 33432
Telephone: (561) 368-3808
Fax: (561) 368-4008

*Counsel for Sterling Jewelers Inc.*

## DISCUSSION

On December 13, 2017, this Court issued its Order in Actions Brought Under the Americans with Disabilities Act. (*See* DE 11.) This Order required Plaintiff to—by January 11, 2018—file an "Inspection Report" setting forth:

(i) A *specific* list of *all* alleged violations of the subject website; [and]
(ii) The applicable ADA standard at issue . . . .

(*Id.* ¶ 1, emphasis added.) Plaintiff, however, complied with neither of these requirements, precluding Sterling from filing its responsive Defendant's Inspection Report, which is due to be filed January 26, 2018.[1] Plaintiff's Inspection Report thus entirely undermines the purpose for putting forth these disclosures in the first instance—"avoid[ing] the unnecessary expenditure of time, attorney's fees and costs, and judicial resources." *Gomez v. Empower "U", Inc.*, No. 17-CV-22633, 2017 WL 4919224, at *2 (S.D. Fla. Oct. 31, 2017) (Gayles, J.) (explaining the purpose of the ADA Notice of Court Practice in an ADA website case).

First, Plaintiff's report fails to identify *any specific* violations on the www.Kay.com website (the "Website"), let alone *all* such violations. Attached to Plaintiff's Inspection Report is a Declaration from Robert D. Moody, who sets forth fifteen purported violations in six groups:

(i) Menus did not function with screen reader;
(ii) Inconsistent site interfacing with screen reader;
(iii) Mislabeled links;
(iv) Missing alt text for site images;
(v) Missing descriptions for image content; and
(vi) Lacks prompting for completing forms.

(*See* DE 24-1.) Neither Plaintiff, nor his expert, identify any specific menu, any specific link, any specific image, or any specific form. Indeed, Plaintiff fails to reference any specific webpage at

---

[1] While Sterling realizes filing an opposition to Plaintiff's Inspection Report is not typical, such action is necessary as Plaintiff's report precludes Sterling from filing its responsive report.

all such that Sterling could plausibly evaluate Plaintiff's report. Plaintiff's report literally just parrots her Complaint, which likewise does not provide any specificity. (*See* DE 25 ¶ 21.) Plaintiff thus leaves Sterling in the dark as to the specific violations she contends need remedying and where those purported violations can be found. In other words, Sterling cannot "identify any agreement" or "specific defense" that it has to each claim in Plaintiff's report. (*See* DE 11 ¶ 2.)

Second, and crucially, Plaintiff does not tie any purported barrier on the Website to a physical Sterling location. Every court in this District—as detailed in Sterling's 12(b)(6) Motion to Dismiss, (*see* DE 22)—has held that "a website that is wholly unconnected to a physical location is generally not a place of public accommodation under the ADA." *Gomez v. Bang & Olufsen Am., Inc.*, No. 16-23801, 2017 WL 1957182, at *3 (S.D. Fla. Feb. 2, 2017). To that end, Plaintiff must detail barriers that "impeded [her] own personal enjoyment of the goods and services offered at [Sterling's] retail locations." *Id.* at *4; *see also Buchholz v. Aventura Beach Assocs., Ltd.*, No. 17-23154, 2018 WL 318476, at *3 (S.D. Fla. Jan. 5, 2018) (dismissing ADA website case for failure to allege the website barriers "impeded his access to the [hotel]."); *Haynes v. Interbond Corp. of Am.*, No. 17-61074, 2017 WL 4863085, at *5 (S.D. Fla. Oct. 16, 2017) ("In the absence of allegations that Plaintiff's inability to use BrandsMartUSA.com impedes his access to one of Defendant's physical locations, the Amended Complaint must be dismissed.").

Accordingly, Plaintiff's rote and vague list of barriers, in a vacuum, cannot be violations of the ADA, which are what this Court require be identified in Plaintiff's Inspection Report. (*See* DE 11 ¶ 1.) Rather, "[a]ll the ADA requires is that, if a retailer chooses to have a website, the website cannot impede a disabled person's full use and enjoyment of the **brick-and-mortar store**." *Gomez*, 2017 WL 1957182, at *4 (emphasis added). Plaintiff, however, does not state that any of the purported barriers in her Inspection Report impacted her access to a physical Sterling location

in any manner (notwithstanding that she already alleged she has no interest in visiting a physical store). (*See* DE 22 at 10-12.) It is entirely unclear, for example, whether "inconsistent site interfacing" or "mislabeled links" had any impact on Plaintiff's access to a physical Sterling location—particularly as Plaintiff has not identified where on the Website these "barriers" are.

<u>Third</u> and finally, Plaintiff does not set forth the applicable ***ADA standard*** at issue; rather, Plaintiff claims that the Website contains barriers in violation of the "Web Content Accessibility Guidelines (WCAG) 2.0"—a *private* web accessibility standard. (*See* DE 24 at 3; DE 24-1 at 4.) Plaintiff's report *only* identifies violations of the WCAG and does not explain why this is required to satisfy the ADA. (*See* DE 24-1 at 3; *see also id.* "Therefore, failing to comply with WCAG constitutes a violation.") The ADA does not, however, require compliance with the WCAG. *See, e.g., Robles v. Dominos*, No. 16-06599, 2017 WL 1330216, at *8 (C.D. Cal. Mar. 20, 2017) ("[T]he Court, after conducting a diligent search, has been unable to locate a single case in which a court has suggested, much less held, that persons and entities subject to Title III that have chosen to offer online access to their goods or services must do so in a manner that satisfies a particular WCAG conformance level.").[2] Plaintiff is thus effectively claiming that Sterling violates the ADA because the Website does not comport with *her chosen* web standard. Indeed, Plaintiff goes on to identify a host of "information and belief" deficiencies, like "Defendant has not designated an employee as a Web Accessibility Coordinator," that have no basis in the ADA whatsoever. (*See* DE 24-1 at 5.) This in no way identifies or seems to be relevant to "the applicable ADA standard at issue."

---

[2]  The problem with relying on the WCAG becomes all the more clear when contrasting Plaintiff's report with her Complaint. Plaintiff alleges in her Complaint that Sterling's Website "does not meet the [WCAG] Success Criteria ***Level AA*** of web accessibility," ostensibly because she believes that is the level necessary to satisfy the ADA. (DE 16 ¶ 37.) Plaintiff's report, however, contends that there are violations of WCAG success criteria levels A and AAA. (*See* DE 24-1 at 3.) It is thus unclear what WCAG success level would satisfy the ADA, in her opinion.

3

This Court should thus require that Plaintiff file a report that adheres to this Court's December 13, 2017 Order. Plaintiff's report, as it stands, does not permit Sterling to file a rebuttal report that would enable it to respond to "each alleged violation" of the ADA and "identify any agreement . . . or the specific defense applicable to each" purported violation. (*See* DE 11 ¶ 2.) Sterling thus further requests that this Court permit it 15 days *from the refiling* of Plaintiff's report to file Defendant's Inspection Report.

## **CONCLUSION**

For the foregoing reasons, Sterling Jewelers Inc. respectfully requests that this Court: (i) find that Plaintiff has failed to comply with the Court's December 13, 2017 Order; (ii) issue an order to requiring Plaintiff to refile a compliant Inspection Report; (iii) permit Sterling 15 days from the refiling of Plaintiff's report to file Defendant's Inspection Report; and (iv) award all such other relief this Court deems equitable and just.

DATED: January 12, 2018                     Respectfully submitted

/s/ Mark Schellhase

Courtney C. Booth (*pro hac vice* to be sought)
cbooth@beneschlaw.com
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
333 West Wacker Drive, Suite 1900
Chicago, Illinois 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192

Mark Schellhase, Esq.
mark.schellhase@gray-robinson.com
**GRAY ROBINSON**
Mizner Park Office Tower
225 N.E. Mizner Blvd., Suite 500
Boca Raton, Florida 33432
Telephone: (561) 368-3808
Fax: (561) 368-4008

*Counsel for Sterling Jewelers Inc.*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the above and foregoing **STERLING JEWELERS INC.'S OPPOSITION TO PLAINTIFF'S NOTICE OF COMPLIANCE AND REQUEST FOR EXTENSION TO FILE DEFENDANT'S INSPECTION REPORT** was served upon all interested parties using this Court's ECF filing system this 12th day of January, 2018.

                                                /s/ Mark Schellhase